IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA E. FLYNN                       *
18309 Dutchess Drive
Olney, MD 20832                          *
Montgomery County
       PLAINTIFF,                   *

                                 Civil Action No. :_____

v.                                *

MONTGOMERY COUNTY         *
GOVERNMENT

                                 *

       Serve On:
       Montgomery County Government   *
       Marc Elrich, County Executive
       Office of the County Executive     *
       101 Monroe Street, 2nd Floor
       Rockville, MD 20850           *

BENEFIT STRATEGIES, INC.      *
3814 Rocks Station Road
Street, MD 21154                     *

       Serve Resident Agent:          *
       Regina L. Chmielewski
       3814 Rocks Station Road       *
       Street, MD 21154

                                 *

KAREN BASS
MONTGOMERY COUNTY         *
OFFICE OF HUMAN RESOURCES
101 Monroe Street, 7th Floor       *
Rockville, Maryland 20850
       DEFENDANTS.          *
              *      *      *      *      *      *      *

## COMPLAINT

    Plaintiff Patricia E. Flynn by her attorneys, respectfully files this Complaint alleging that

the Defendants violated the Consolidated Omnibus Budget Reconciliation Act of 1985, as

amended ("COBRA") and states as follows:

## STATEMENT OF FACTS PERTAINING TO COBRA VIOLATIONS

1.    Plaintiff Patricia E. Flynn (hereinafter "Plaintiff Flynn") was employed with Defendant Montgomery County government (hereinafter "Defendant MCG") beginning in 2010.

2.    Plaintiff Flynn participated in Defendant MCG's self-insured health and dental insurance plan, which was known as the Montgomery County Governmental Group health and dental insurance plans ("the Plan").

3.    Defendant Benefit Strategies Inc. ("Defendant Benefit") is a third-party claims administrator headquartered in New Hampshire and doing business in the State of Maryland.

4.    Defendant Benefit performed some of the duties as Plan Administrator for the Plan.

5.    Defendants MCG and Karen Bass, of the Office of Human Resources for Montgomery County, were the Plan Administrator of the Plan.

6.    On September 28, 2018, Plaintiff Flynn resigned from employment with Defendant MCG.

7.    On September 28, 2018, Plaintiff Flynn's hours were reduced to zero because she never returned to active employment.

8.    Plaintiff Flynn was not terminated for gross misconduct by Defendant MCG.

9.    Plaintiff Flynn's termination of employment with Defendant MCG was a qualifying event under COBRA.

10.    Plaintiff Flynn did not receive the required COBRA notice from Defendants after her employment with Defendant MCG ended on September 28, 2018.

11.    Defendants were required to provide Plaintiff Flynn with a COBRA notice within 44 days of her stopping work.

12.    On October 9, 2018, Defendant MCG sent Plaintiff Flynn a Termination of Coverage letter informing her that she would receive a COBRA notice from Benefits Strategies Inc. (See Exhibit 1 – letter to Plaintiff Flynn from Health Insurance Specialist) Plaintiff Flynn did not receive the Termination of Coverage letter in the mail.

13.    On October 23, 2018, Keisha Levy-Minzie, an employee and agent of Defendant MCG, sent Plaintiff Flynn an email confirming that Plaintiff Flynn never received the October 9, 2018 Termination of Coverage letter by mail from Defendants. (See Exhibit 2 – email from Keisha Levy-Minzie to Plaintiff Flynn dated October 23, 2018)

14.    On November 9, 2018, Plaintiff Flynn responded to Ms. Minzie's email and again requested that Defendants send her the required COBRA information. (See Exhibit 3 attached) In her November 9, 2018 email, Plaintiff Flynn expressed considerable concern about a possible lapse in her health insurance coverage.

15.    Plaintiff Flynn's concern about her health insurance coverage was significant because in late October 2018 she incurred thousands of dollars of medical bills that she would be personally responsible for without COBRA coverage. (See Exhibit 4 – copies of medical bills incurred)

16.    On November 14, 2018, after the deadline to receive the COBRA notice had passed, Plaintiff Flynn attempted to contact Defendants because she still had not received the COBRA forms and was transferred to Defendant Benefit.

17.    On November 14, 2018, after the deadline to receive the COBRA notice had passed,  Plaintiff was informed by representatives of Defendant Benefit that the COBRA information regarding her termination of employment had not been sent to it by Defendants MCG or Bass.

18.     On November 20, 2018, after the deadline to receive the COBRA notice had passed, Plaintiff again called Defendant MCG and was referred to Defendant Benefit and was advised by its representatives that it still had not been given any information for COBRA forms by Defendants MCG or Bass.

19.     On November 20, 2018, after the deadline to receive the COBRA notice had passed, Plaintiff called Ms. Levy-Minzie, Defendant MCG's employee and agent, and left a very detailed message regarding the COBRA forms and the lack of information being provided to Benefit Strategies Inc.

20.     Defendants never sent the required COBRA notice to Plaintiff Flynn.

21.     Upon information and belief, Defendants MCG and Bass never contacted Defendant Benefit about Plaintiff Flynn's required COBRA notice.

22.     Defendants failed to send a COBRA notice to Plaintiff Flynn up to and including the filing date of the instant complaint.

23.     Plaintiff Flynn has sustained damages as a result of Defendants' COBRA violations.

24.     Plaintiff has incurred extensive medical expenses that have not been reimbursed as a result of Defendants' failure to send Plaintiff Flynn the required COBRA notice.

## JURISDICTION & VENUE

25.     This Court, pursuant to 28 U.S.C. §1331, has original subject matter jurisdiction over this matter based on 29 U.S.C. §§ 1161 *et seq.*, COBRA post-employment health insurance continuation coverage.

26.     The unlawful acts detailed herein occurred in this District.

27.     Defendants reside in this District.

## VIOLATIONS OF LAW

### COUNT I – COBRA VIOLATION - FAILURE TO PROVIDE TIMELY NOTICE UNDER COBRA

28.     Plaintiff Flynn reiterates, re-alleges, and incorporates all allegations contained in this Complaint in their entirety.

29.     Plaintiff Flynn is and was a "covered employee" within the meaning of COBRA, at all relevant times to this lawsuit.

30.     The Defendants' "group health plan" was a plan within the meaning of COBRA.

31.     Plaintiff Flynn employment with Defendant MCG ended on September 28, 2018.

32.     Plaintiff Flynn's termination of employment with Defendant MCG was a "qualifying event" within the meaning of 29 U.S.C. §1163(2).

33.     Defendants were required to notify Plaintiff Flynn of her right to elect to continue health insurance coverage for 29 months following Plaintiff Flynn's termination of employment on September 28, 2018, pursuant to 29 U.S.C. §1162(2)(a)(i).

34.     Defendants were required to notify Plaintiff Flynn that she had 60 days from the date her employment ended on September 28, 2018 to elect COBRA continuation coverage, pursuant to 29 U.S.C. §1165(a)(1)(B).

35.     Defendants were required to notify Plaintiff of her right to elect continuation coverage under COBRA within 44 days of her termination of employment with Defendant MCG on September 28, 2018, pursuant to 29 U.S.C. §§ 1166.

36.     Defendants were required to notify Plaintiff that she had 45 days after the date of the election of continued coverage in which to make the first premium payment pursuant to 29 U.S.C. § 1162(3).

37.     Defendants failed to send Plaintiff Flynn the required COBRA notice.

38.     As a result of Defendants' violation of COBRA, Plaintiff Flynn was not allowed to continue health insurance coverage in a timely manner and suffered extensive monetary damages.

39.     Relief Requested: Plaintiff Flynn respectfully requests that: (a) judgment be entered in her favor; (b) she be awarded the full statutory penalty for each day Defendants violated COBRA; (c) Defendants be required to pay for and reimburse Plaintiff Flynn for all damages and losses sustained by Plaintiff Flynn as a result of Defendants' COBRA violations; (d) Plaintiff Flynn be provided all other relief that may be necessary to make her whole for the wrongs committed against her by Defendants; (e) pre- and post-judgment interest be awarded; and (f) attorney's fees and costs be awarded to Plaintiff Flynn.

Respectfully submitted,

Richard P. Neuworth, Bar #01052
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1202
fax. 410.296.8660
rn@joblaws.net

Devan M. Wang, Bar #30211
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1207
fax. 410.296.8660
dw@joblaws.net

*Attorneys for the Plaintiff*